UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOES 1-570,

   Petitioners,

     v.

GEORGE W. BUSH, *et al.*,

   Respondents.

Civil Action No. 05–313 (CKK)

**MEMORANDUM OPINION**
(July 11, 2007)

Presently before the Court is Counsel's[1] [32] Rule 59 Motion to Alter or Amend the Judgment, filed November 15, 2006, asking the Court to alter or amend its [30] Order and accompanying [31] Memorandum Opinion dated October 31, 2006, which granted Respondents' [10] Motion to Dismiss. An Opposition and Reply thereto have been filed. Based on the aforementioned filings, prior filings in this case, the Court's [30] Order and [31] Memorandum Opinion, and the relevant statutes and case law, the Court shall DENY Counsel's [32] Rule 59 Motion to Alter or Amend the Judgment.

Pursuant to Federal Rule of Civil Procedure 59, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).[2] "'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that

---

[1] "Counsel," as set forth in the Court's October 31, 2006 [31] Memorandum Opinion, is collectively the Center for Constitutional Rights and Mayer, Brown, Rowe & Maw LLP, who filed a [3] Petition for Writ of Habeas Corpus naming "John Does 1-570" as "petitioners."

[2] Appropriately excluding weekends and holidays, *see* Fed. R. Civ. P. 6, Counsel's Rule 59 Motion was timely filed.

there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Messina v. Krakower*, 439 F.3d 755, 758-59 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*) (internal quotation marks omitted)).  "The district court has considerable discretion in ruling on a Rule 59(e) motion." *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)).  Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996).  "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

     Rule 59(e) motions should not be granted if the court suspects that the losing party is using the motion as an instrument for arguing the same theory or asserting new arguments that could have been raised prior to final judgment. *Taylor v. Dep't of Justice*, 268 F. Supp. 2d 34, 35 (D.D.C. 2003) (citing *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) (citations omitted)).  Indeed, the law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

In Counsel's Motion, Counsel simply repeats arguments already thoroughly considered by the Court, and in addition, blatantly mischaracterizes the basis for the Court's ruling.  In Counsel's Rule 59 Motion, Counsel argues that "the basis for the present motion is that the Court erred in adopting [the] premise" that "as a result of developments subsequent to [the] filing [of Counsel's Petition], including the government's release of a list of names of detainees, every Guantanamo detainee desiring to file a habeas corpus petition has had a reasonable opportunity to do so for himself or, at least, that there has been a fair opportunity for next friends to file habeas petitions for those detainees who may not be able to do so for themselves."  Rule 59 Mot. at 1-2.  However, in the Court's [31] Memorandum Opinion, the Court explicitly stated that "[t]he Court will not make a finding pursuant to the first prong of *Whitmore*[3] in this matter regarding the ability of detainees to file petitions on their own behalf . . . ."  [31] Mem. Op. at 10.  Notably, Counsel's Rule 59 Motion does not in any way address the Court's actual holding–that "Counsel fails to satisfy the requirements of 'next friend' standing pursuant to the *second prong* of *Whitmore* because Counsel cannot demonstrate that Counsel is dedicated to the best interests of unspecified individuals based only on speculation as to unidentified detainees' intentions or wishes to litigate in United States courts."  [31] Mem. Op. at 10-11 (emphasis added).

While in Counsel's Reply, Counsel attempts to correct its earlier failure to apply the Rule 59 standard in some way to its Motion by stating that Counsel's "petition seeks to rectify a *manifest injustice*–the continued detention of unidentified individuals at Guantanamo Bay who are entering their sixth year of detention without charge and without meaningful access to a federal court to challenge their detention[,]" Reply at 1 (emphasis added), nowhere does Counsel

---

[3] *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).  *See also* [31] Mem. Op. at 9.

address why the Court's legal ruling that Counsel does not have standing to litigate claims on behalf of "John Does 1-570" is somehow unjustly contrary to law.  While Counsel advocates a "flexible approach," which the Court construes as a flexible legal approach, to meet the ends of giving "detainees [] the benefit of the doubt to ensure that they have meaningful access to the federal courts to vindicate their habeas rights," Reply at 5, the Court cannot interpret the prevention of "manifest injustice" permitted under Rule 59 as authorizing the Court to simply ignore the law.

Accordingly, the Court shall DENY Counsel's [32] Rule 59 Motion to Alter or Amend the Judgment, incorporating in full the reasoning contained in the Court's October 31, 2006 [30] Order and [31] Memorandum Opinion.  An Order accompanies this Memorandum Opinion.


Date:   July 11, 2007


                                    /s/                                              
COLLEEN KOLLAR-KOTELLY
United States District Judge